**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **LEWIS MICHAEL WALL, #1844073** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:18cv584** |
| | § | *consolidated with* **4:21cv55** |
| **DIRECTOR, TDCJ-CID** | § | |

**ORDER OF DISMISSAL**

The above-entitled and numbered civil actions were referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. Petitioner filed objections.

In his objections, Petitioner asserts that he is actually innocent (Dkt. #26). Specifically, he states that Dr. Anna Shursen's expert testimony presented at his resentencing hearing constitutes new evidence that demonstrates he is actually innocent. *Id*. The Court first notes that Petitioner raised double jeopardy and sentencing issues in his petitions - not actual innocence. The Government addressed the issues Petitioner raised in its Response. Only after the Report and Recommendation (Dkt. #21) issued on April 28, 2021, did Petitioner ask to amend his petitions (Dkt. #22), which was too late. After the Government files its Response, Petitioner may only amend when Respondent consents in writing or by leave of the court. *See* FED. R. CIV. P. 15(a)(2). Respondent did not consent to the amendment in writing, and on May 6, 2021, Petitioner's motion to amend was denied[1]

---

[1] In exercising its discretion, the Court may consider a variety of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party[ ], and futility of the amendment." *United States v. Trevino*, 554 F. App'x 289, 293 (5th Cir. 2014) (citation omitted).

1

(Dkt. #24). Any amendment at that point would have fallen outside the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996. ("AEDPA"), and it would have caused undue delay pursuant to *Forman v. Davis*, 371 U.S. 178, 182 (1962). Further, allowing Petitioner to amend would have been futile as the Fifth Circuit "does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Resendez v. United States*, 841 F. App'x. 741, 743 (5th Cir. 2021); *Dowtht v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). It also would have been futile since Petitioner did not exhaust his actual innocence claim in state court[2]. In short, a court does not abuse its discretion in refusing to consider new issues raised after the Government files its Response when written consent was not given or leave to amend was not granted. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998). This objection is without merit.

Petitioner also objects because he is a *pro se* prisoner who has had no experience in criminal law prior to his current convictions (Dkt. #26). He argues he did not know that he had to bring all his claims in state habeas proceedings, and that he assumed a court would recognize valid actual innocence. However, "[n]either pro se status nor ignorance of the law constitutes cause for a procedural default." *Mendez v. Quarterman*, 625 F. Supp. 2d 415, 431 (S.D. Tex. 2009) (citing *Saahir v. Collins*, 956 F.2d 115, 118–19 (5th Cir.1992)). This objection is without merit.

Finally, Petitioner objects to the severance of his actions because he asserts the Magistrate Judge could not review all of his evidence (Dkt. #26). The record reflects that the Magistrate Judge

---

[2] A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. §§ 2254(b), (c). To exhaust properly, Petitioner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993).

severed the two civil actions on January 21, 2021, but consolidated them on April 1, 2021. (Dkt. ##18, 21). Thus, the evidence in both actions were reviewed in the deliberation of these cases. This objection is also meritless.

In conclusion, Petitioner fails to show that the Report and Recommendation of the Magistrate Judge is in error. After reviewing the Report and Recommendation and conducting a *de novo* review of Petitioner's objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petitions for writ of habeas corpus are **DENIED**, and the cases are **DISMISSED** with prejudice. Petitioner's objections are **OVERRULED**. Additionally, certificates of appealability are **DENIED**. Finally, it is **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 15th day of September, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE