# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **LEWIS MICHAEL WALL, #1844073** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:18cv584** |
| | § | *consolidated with* **4:21cv55** |
| **DIRECTOR, TDCJ-CID** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner filed "Motion for Reconsideration" (Dkt. #29).  After reviewing the motion and the record, the court is of the opinion that the motion should be dismissed.

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc*., 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)).  When a petitioner's postjudgment motion for reconsideration is an attempt to gain relief from his conviction, a court should construe it as a successive petition.  *See United States v. Ruiz*, 51 F. App'x 483(5th Cir. 2002); *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir. 1998), *cert. denied*, 526 U.S. 1011 (1999) (motions for reconsideration should be construed as successive habeas petitions governed by the AEDPA's provisions).  In the instant motion, Petitioner seeks the same relief as that sought in his Section 2254 petition.  Petitioner is attempting to avoid the procedural hurdles of filing a successive and untimely § 2254 petition by filing the instant motion for reconsideration.  Because Petitioner is challenging his underlying conviction, the motion is appropriately construed as a § 2254 petition.

The record shows that Petitioner's § 2254 petition was denied and the case was closed on September 15, 2021 (Dkt. #28).  A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2254 must be certified as provided in 28 U.S.C. § 2244 by a panel of the

appropriate court of appeals before it can be heard in the district court.  *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005).  Accordingly, the court lacks jurisdiction to consider the present motion unless leave to file the same is granted by the Fifth Circuit.  *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)) (district court lacked jurisdiction since the Petitioner filed a previous § 2254 petition, and the Fifth Circuit did not grant permission to file a successive § 2254 petition).  Petitioner fails to allege or show that the Fifth Circuit granted him permission to file a successive § 2254 petition.  Therefore, the  present motion should be dismissed for want of jurisdiction.  *Id*.

Petitioner also filed a motion for designation of record on appeal (Dkt. #31) and a motion to produce record (Dkt. #35)  The United States Court of Appeals for the Fifth Circuit will request and receive the record on appeal from this Court upon Petitioner's appeal being properly filed with that court.  Therefore, the motions are unnecessary.

Petitioner also filed a motion to proceed *in forma pauperis* on appeal (Dkt. #33) and a motion for certificate of appealability (Dkt. #34).   A  §  2254   petitioner must obtain a certificate of appealability before he can appeal a district court's decision, but a certificate may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1), (2).   In cases where a district court rejects a petitioner's constitutional claims on the merits,  the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id*.  The Supreme Court has held that a

certificate of appealability is a "jurisdictional prerequisite" and a court of appeals lacks jurisdiction to rule on th e merits until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Petitioner's petition was dismissed because his issues were found to be without merit. He has not shown that the decision dismissing his petition was wrong. He has not shown that jurists of reason would find the assessment of his claims debatable. In conclusion, he simply has not made a substantial showing of the denial of a constitutional right. He is not entitled to a certificate of appealability. Additionally, an appellant may proceed *in forma pauperis* on appeal only if he is economically eligible and presents a nonfrivolous issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Because Petitioner has neither presented a nonfrivolous issue nor shown that he is entitled to a certificate of appealability, he also has not shown that he is entitled to proceed *in forma pauperis* on appeal. *United States v. Delario*, 120 F.3d 580, 582 (5th Cir. 1997).

It is accordingly **ORDERED** that Petitioner's "Motion for Reconsideration" (Dkt. #29) is **DISMISSED**.

It is also **ORDERED** Petitioner's motions for order of designation of record and to produce the record (Dkt. ##31, 35) are **DENIED** as unnecessary. It is further **ORDERED** the motions to proceed *in forma pauperis* on appeal and for a certificate of appealability (Dkt. ##33, 34) are **DENIED**. All motions not previously ruled upon are **DENIED**. Petitioner should submit all future motions to the Fifth Circuit as opposed to this Court.

**SIGNED this 21st day of January, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE